UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS MEEKS,<br><br>    Plaintiff,<br><br>  -against-<br><br>DISCOVER FINANCIAL SERVICES,<br>d/b/a Discover Card,<br><br>    Defendant. | **COMPLAINT and DEMAND FOR JURY TRIAL**<br><br>5:15-CV-1353 (BKS/TWD) |

  NOW COMES Plaintiff, Nicholas Meeks ("Plaintiff"), by and through attorneys, Krohn & Moss, Ltd., for this Complaint against Defendant, Discover Financial Services, d/b/a Discover Card ("Defendant"), alleges as follows:

Nature of the Action

  1. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

Parties

  2. Plaintiff is a natural person residing in Onondaga County, New York.

  3. Defendant is a business entity incorporated in Delaware with an office located in Carol Stream, Illinois.

  4. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Jurisdiction and Venue

5. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Because Defendant conducts business in the state of New York, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

Factual Allegations

8. In 2015 Defendant started calling (315) 460-00XX, Plaintiff's cellular telephone.

9. The purpose of Defendant's calls was to collect a debt.

10. These calls were for a non-emergency purpose.

11. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed them by using an automatic telephone dialing system.

12. On or about July 24, 2015, at approximately 8:21 a.m., Plaintiff instructed Defendant, through its employee, representative, or agent to stop calling him.

13. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone.

14. Plaintiff received the following calls after revoking consent:

August 1, 2015 – 2 calls

August 9, 2014- 4 calls

August 10, 2014 – 4 calls

August 11, 2015 – 4 calls

August 12, 2015 – 2 calls

August 13, 2015 – 4 calls

August 15, 2015 – 4 calls

August 16, 2015 – 4 calls

August 17, 2015 – 4 calls

August 18, 2015 – 4 calls

August 19, 2015 – 4 calls

August 20, 2015 – 4 calls

August 22, 2015 – 4 calls

August 23, 2015 - 4 calls

August 24, 2015 – 4 calls

August 26, 2015 – 5 calls

August 27, 2015 – 4 calls

August 28, 2015 – 5 calls

August 29, 2015 – 5 calls

August 30, 2015 – 4 calls

August 31, 2015 – 5 calls

September 2, 2015 – 4 calls

September 3, 2015 – 4 calls

September 5, 2015 – 4 calls

September 6, 2015 – 4 calls

September 7, 2015 – 5 calls

September 8, 2015 – 5 calls

        September 9, 2015 – 3 calls

        September 10, 2015 – 4 calls

        September 12, 2015 – 5 calls

        September 13, 2015 – 4 calls

        September 14, 2015 – 6 calls

        September 15, 2015 – 5 calls

        September 16, 2015 4 calls

        September 17, 2015 – 3 calls

        September 19, 2015 – 1 call

15. Between August 1 and September 19, 2015, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone at least one hundred forty-five (145) times.

16. Defendant called Plaintiff's cell phone multiple times per day.

17. Defendant called Plaintiff's cell phone up to six (6) times in a single day.

18. Defendant willfully and voluntarily used an automatic telephone dialing system to place these calls.

19. Defendant intended to use an automatic telephone dialing system to place these calls.

20. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

CLAIM FOR RELIEF

21. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3) All court costs, witness fees and other fees incurred; and

(4) Awarding such other and further relief as may be just, proper and equitable.

Dated:        November 16, 2015                KROHN & MOSS, LTD.

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Bar Roll #SH1818
KROHN & MOSS, LTD.
10474 Santa Monica Blvd.
Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400 x 267
Fax: (866) 861-1390
Email: shormozdi@consumerlawcenter.com
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Nicholas Meeks, hereby demands a jury trial in this matter.